# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT GIESWEIN,<br><br>Defendant. | Crim. Action No. 21-24-1 (EGS)<br>Hon. Emmet G. Sullivan<br><br>Status Hr'g: Sept. 17, 2021 |

## CONSENT MOTION TO EXTEND DEADLINE TO FILE PROPOSED ORDER

Mr. Gieswein, through undersigned counsel, respectfully requests that this Court extend the deadline for counsel to file the proposed order this Court required the parties to file at August 11, 2021 the status conference. The Court's original deadline was August 12, but the Court subsequently granted the parties until today, August 18, to file the order. For the reasons given below, the defense respectfully request that the Court grant the parties until August 25, 2021 to file the proposed order.

On August 11, having considered the facts and arguments set forth in the government's memorandum regarding discovery (ECF 26-1), the defendant's opposition to the government's July 29, 2021 motion to exclude time under the Speedy Trial Act (ECF 30), the government's reply to that opposition (ECF 33), and the matters discussed at a status hearing held on August 11, 2021, the Court stated that "that defense counsel should be on equal footing with the government. The government has an entity that is assisting it with compiling, analyzing,

compartmentalizing discovery." Tr. of Aug. 11, 2021 Hr'g, at 28. Referring to an earlier statement that the Court would issue an order requiring the government to fund "some sort of program or fund that entity that accomplishes the same objectives as Deloitte," *id.* at 6, the Court continued: "And what the Court did was to require the government to fund such an entity for purposes of enabling defense counsel to do exactly what the government is doing, to receive, to analyze, et cetera." *Id.* at 28. The Court further ordered the parties to submit language "clearly stat[ing . . .] that the government fund that entity by no later than whatever 30 days from today is and to address the Court's concerns." *Id.* at 28-29. And the Court added that its desire was "to get the entity in place first. I mean that would be a major accomplishment and that's what the Court will do." *Id.* at 29.

The parties have both been conferring with the Federal Public Defender for the District of Columbia (DC FPD), and with each other, and have proffered to each other draft language that represents their views of what the Court ordered, and what is feasible. The parties are not yet in agreement as to appropriate language for a draft order effectuating this Court's order. That said, there has been progress.

The government has acknowledged:

- that it is appropriate for the proposed order the Court requested to include language compelling the government to provide the defense with equivalent platforms for receiving voluminous discovery materials to those being used by the government to produce such materials; and

- that the platforms the government provides to the defense for the purpose of receiving voluminous materials shall possess technological functionality commensurate to that available to the government.

The government has also represented to the undersigned the following:

- In consultation with Deloitte Financial Advisory Services ("Deloitte"), and as explained further below, the government has developed and begun implementing a plan to use two primary platforms to process and produce discoverable voluminous materials: one for documents and one for digital materials. (These two platforms have universally (and colloquially) been referred to as the government's "database.") The government understands the Court's order as requiring the government to provide equivalent platforms to the defendant, with technological functionality commensurate to that available to the government, for the purpose of receiving these materials. The Court's order is consistent with a plan the government has already been developing and implementing for all Capitol Breach defendants in conjunction with the DC FPD and Deloitte as set forth in further detail below.

- The main platform the government is using to manage and produce documents is Relativity. Under the government plan, Deloitte will create a defense workspace within Relativity that includes technological functionality comparable to that available to the government and provide licenses that will enable the defense to access Relativity. Relativity has tools

that will allow the defense to perform targeted searches of voluminous documentary materials, including their associated metadata. To be clear, the government will not have access to the defense Relativity workspace.

- The government is using a cloud-based digital evidence management system to produce digital materials, including but not limited to body-worn-camera and Capitol surveillance footage. The government plans to provide FPD with their own version or "instance" of the same platform, including technological functionality comparable to that available to the government, and licenses that will enable the defense to access the platform. This platform will also be wholly inaccessible to the government. The digital evidence management system we plan to use has a robust user interface for reviewing video materials, and tools to include: (1) redaction and transcription, (2) tagging, (3) multiple camera review capability for body-worn-camera footage, and (4) display of metadata for the relevant camera and video. Some advantages of using this platform to share digital media include that defense licenses can be created within five business days of the resolution of (on-going expedited) contract negotiations, and then data can be shared quickly from instance to instance.[1]

---

[1] According to the government, given the volume of digital materials in the Capitol Breach investigations, the government has concluded this digital evidence management platform is better suited for storing, reviewing, and producing video than Relativity. (Relativity is primarily designed as document review platform, although it is also possible to view videos within Relativity).

- The government is working expeditiously to modify its contract with Deloitte to support this plan, and the time it will take to modify the contract will not delay implementation of the plan described above. In the interim, Deloitte will begin the process for creating the defense Relativity workspace. Once the defense workspace is operational, we will make productions to it on a rolling basis, and the defense will be able to access those productions as soon as contract modifications are complete and accounts are distributed.

- Further, while it is the government's plan for the defense to have its own Relativity workspace, the government is not waiting to make productions until such time. As noted above, the government has already provided the evidence most directly relevant to this defendant. Going forward, until the defense Relativity workspace is established, the government intends to effect discovery productions from our Relativity workspace using alternative means. For example, the government is currently using its Relativity platform to redact materials related to allegations of misconduct by law enforcement in connection with the events of January 6, 2021, and plans to make those reports available within approximately the next two weeks. Capitol Breach prosecution teams will disseminate these materials in their individual cases once they become available. The government is prioritizing these materials because many defendants have requested them. The government has also already populated our database with over 30,000 records from the U.S. Capitol

Police, and are steadily working to receive, organize and ingest materials from other law enforcement agencies. The government is also currently populating its Relativity workspace with discovery that has been provided in individual cases, as its general plan is for materials that are produced in individual cases to be accessible to all defendants for review within their Relativity workspace.

- The government also continue to populate our digital evidence management system with video footage.

- The government has already ingested thousands of hours body-worn camera footage from several different law enforcement agencies and will be ready to make such footage available as soon as the contractual details of providing the defense a separate instance and licenses are finalized. These negotiations are currently moving smoothly.

The government has raised the concern that there are a wide range of contracting and technical details raised by the Court's order. With that in mind, the government has proposed that the parties, with the assistance of the DC FPD, work together over the next few days to negotiate and determine what tools and services it is reasonable to consider as falling within the scope of what the government must fund in order to put the defense "on equal footing with the government" as the Court ordered, that is, what reasonably falls within the scope of the "assistan[ce] with compiling, analyzing, compartmentalizing discovery" that the Court has ordered the government to fund. *Id.* at 28.

The government has represented to the undersigned and the DC FPD that, during any continuance, it will diligently continue to transfer data to its vendor, process it for production, and make interim productions by other means until the defense platforms are in place.

The defense is willing to continue with further negotiations, based on the government's commitments to date, and its representations that this will promote more expedient productions to the defense, and in order to effectuate the goal of the Court's August 11 oral order. The defense agrees that good faith negotiation among the parties and the DC FPD may resolve many of the contracting and technical details associated with effectuating the Court's oral order of August 11.

The defense understands that technical experts working for the DC FPD have very limited availability in the next three days due to competing demands.

Accordingly, the defense respectfully requests that the Court grant the parties another week, that is to August 25, 2021, to continue negotiating the terms of a proposed order effectuating the Court's oral order of August 11.

The undersigned has conferred with counsel for the government in this matter, Erik M. Kenerson, and the government's discovery coordinator, Emily M. Miller, who have authorized the undersigned to state that they consent to the relief requested.

For the Court's convenience, a proposed Order is submitted with this Motion.

Respectfully submitted on August 18, 2021.

**ROBERT GIESWEIN**
by counsel:

Geremy C. Kamens
Federal Public Defender for the
Eastern District of Virginia

by:_____s/_____
Ann Mason Rigby
DC Bar No. 491902
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0869
Facsimile: (703) 600-0880
ann_rigby@fd.org

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERT GIESWEIN,<br><br>　　　　　Defendant. | Crim. Action No. 21-24-1 (EGS) |

### ORDER

Upon consideration of the Consent Motion to Extend the Deadline to File Proposed Order (ECF No. 39), and the entire record, it is hereby

**ORDERED** that the motion is **GRANTED**; and it is further

**ORDERED** that no later than August 25, 2021, the parties must submit the proposed order.

**SO ORDERED.**

**Signed:**
_____
　　**Emmet G. Sullivan**
　　**United States District Judge**